52 F.3d 330
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Phoebe M. HUDSPETH, Appellant,
v.
UNION PACIFIC RAILROAD COMPANY, Appellee.
 No. 94-3274.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Apr. 14, 1995.
Filed: Apr. 20, 1995.
 
 Before FAGG and BOWMAN, Circuit Judges, and BENNETT,* District Judge.
 PER CURIAM.
 
 
 1
 Phoebe M. Hudspeth brought suit against her former employer, Union Pacific Railroad Company, alleging that Union Pacific discriminated against her on the basis of her sex and race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e to 2000e-5 (1988 & Supp. V 1993); the Civil Rights Act of 1866, 42 U.S.C. Sec. 1981 (Supp. V 1993); and complementary state statutes. Hudspeth alleged that Union Pacific discriminated against her by failing to promote her on several occasions and by subjecting her to an unfair work assignment, to wit, a math course, and to unfair disciplinary proceedings.
 
 
 2
 Prior to trial, the District Court[1] granted summary judgment in favor of Union Pacific on Hudspeth's claims based on Union Pacific's disciplinary proceedings and its assignment of Hudspeth to take a math course. The court held that Hudspeth had released these claims when she signed a general release form at the time of her resignation from Union Pacific. The litigation proceeded on Hudspeth's other claims. During the voir dire of the jury panel, the only African-American on the panel, Velma Scurlock, said that she had sought legal advice from Hudspeth's attorney regarding her own potential employment lawsuit. Union Pacific exercised a peremptory challenge to remove Scurlock from the jury panel. In response to a question regarding the possible racial motivation for the peremptory challenge, Union Pacific stated that it exercised the peremptory challenge because of the relationship between Scurlock and counsel for Hudspeth. Hudspeth made no further objection to Union Pacific's peremptory challenge of Scurlock.
 
 
 3
 After a trial, the District Court submitted to the jury Hudspeth's Sec. 1981 claims based on Union Pacific's promotion decisions, and the jury returned a verdict for Union Pacific. Upon consideration of the jury's findings and after making findings of its own as required by Fed. R. Civ. P. 52(a), the court entered judgment for Union Pacific on Hudspeth's Title VII and state-law claims as well as on the jury's verdict on Hudspeth's Sec. 1981 claims. The court specifically found that the preponderance of the evidence showed that none of the challenged promotion decisions was motivated by Hudspeth's sex or race. Hudspeth filed a motion for a new trial, and the District Court denied the motion.
 
 
 4
 For reversal, Hudspeth argues that the District Court erred by (1) granting summary judgment to Union Pacific on her disciplinary and work assignment claims; (2) impanelling an unconstitutionally selected jury; and (3) denying her new trial motion because insufficient evidence was presented to support the jury's verdict on the Sec. 1981 claims and the court's factual findings on the Title VII and state-law claims are clearly erroneous.
 
 
 5
 Having reviewed the case, we conclude no error of law appears with respect the District Court's partial summary judgment in favor of Union Pacific on Hudspeth's disciplinary and work assignment claims. As to Union Pacific's peremptory challenge of Scurlock, Union Pacific articulated a neutral, nondiscriminatory reason for the challenge, and Hudspeth made no showing that the stated reason was pretextual. Her claim that the jury was unconstitutionally selected therefore must fail. Additionally, the evidence in support of the jury's verdict is not insufficient, and the factual findings of the District Court are not clearly erroneous. Because the controlling law is well settled and an opinion by this Court would lack precedential value, the judgment of the District Court is affirmed without further discussion.
 
 
 6
 AFFIRMED. See 8th Cir. R. 47B.
 
 
 
 *
 The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa, sitting by designation
 
 
 [1]
 The Honorable William G. Cambridge, Chief Judge, United States District Court for the District of Nebraska